**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **FAITH E. SLABAUGH** | § | |
| Plaintiff | § | |
| | § | |
| V. | § | No. 4:15CV115 |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **and LEE DUREE** | § | |
| Defendants | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

On May 29, 2015, the United States Magistrate Judge issued a report and recommendation [Doc. #16], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that Plaintiff's claims against defendant Lee Duree be **DISMISSED** and that Plaintiff's motion to remand [Doc. #8] be **DENIED**.

### BACKGROUND

This case relates to an insurance claim for storm-related damages to property located in Gainesville, Texas. On January 12, 2015, Plaintiff Faith E. Slabaugh ("Plaintiff") filed her original petition in the 235th Judicial District Court of Cooke County, Texas, asserting claims for breach of contract; breach of the duty of good faith and fair dealing; and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"). Plaintiff alleges Allstate

1

Insurance Company ("Allstate") and Lee Duree, the insurance adjuster assigned to her claim ("Duree")(collectively "Defendants"), wrongfully denied her claim for damage to her business and other property under her commercial property insurance policy issued by Defendant Allstate. Plaintiff and Duree are both Texas citizens, and Allstate is an Illinois corporation.

On February 13, 2015, Allstate removed the case to this Court on the basis of diversity jurisdiction, asserting Duree was improperly joined as a defendant to defeat diversity. Allstate asserted Plaintiff's conclusory allegations against Duree are insufficient to provide fair notice to Duree of a plausible claim against him; Duree should be dismissed as a party to this action; and his citizenship disregarded for jurisdictional purposes. On March 11, 2015, Plaintiff filed a motion to remand the case to state court, asserting Duree was properly joined.

## REPORT AND RECOMMENDATION

The Magistrate Judge examined Plaintiff's allegations against Duree under the Texas fair notice pleading standard to determine whether the allegations support a reasonable basis for predicting recovery against Duree. According to the Magistrate Judge, Plaintiff's allegations regarding Duree fail to allege any specific conduct that could support a claim for relief under the Texas Insurance Code or the DTPA. Finding the in-state defendant Duree was improperly joined, the Magistrate Judge recommended Plaintiff's claims against him be dismissed. Further finding complete diversity exists between Plaintiff and Allstate, the Magistrate Judge recommended Plaintiff's motion to remand be denied.

## OBJECTIONS

On May 29, 2015, Plaintiff filed objections to the Report and Recommendation [Doc. #18]. On June 12, 2015, Allstate filed its response [Doc. #19].

Plaintiff first asserts the Magistrate Judge relied on cases that are distinguishable or contrary to the Texas pleading standard, which does not require a plaintiff to allege specific facts but rather the elements of a cause of action. In attempting to distinguish the cases relied upon by the Magistrate Judge, Plaintiff points out not all of her factual allegations regarding Duree are lumped together with the allegations against Allstate. Plaintiff further asserts no evidence was submitted here regarding whether Duree acted as an independent adjuster or whether he committed all of the acts alleged in the petition. Plaintiff relies on cases from other federal district courts in Texas, asserting they have concluded that allegations similar to those presented here are adequate to state a claim against an adjuster under Texas law and are sufficient to demonstrate the adjuster is not improperly joined.

In addition, Plaintiff objects to the Magistrate Judge's conclusion that the type of allegations alleged against Duree are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy. Plaintiff asserts *One Way Investments v. Century Surety Co.*, 2014 WL 6991277 (N.D.Tex.2014) and *Messersmith v. Nationwide Mutual Fire Ins. Co.*, 10 F.Supp.3d 721 (N.D.Tex. 2014), relied upon by the Magistrate Judge, are contrary to Texas law and do not address an adjuster's possible liability under §§ 541.051(1)(B) and 541.060(a)(3) of the Texas Insurance Code.

Finally, Plaintiff objects to the Magistrate Judge's conclusion that her claims under the DTPA fail because they revolve around the sale and provision of insurance for hail damage unrelated to the independent adjuster. According to Plaintiff, her DTPA allegations revolve around the investigation and adjustment of her insurance claim and do not show Duree was an independent adjuster entirely unrelated to the claim.

# *DE NOVO* REVIEW

Plaintiff first objects to the Magistrate Judge's reliance on *Holmes v. Acceptance Casualty Ins. Co.*, 942 F.Supp.2d 637, 645 (E.D. Tex.2013), asserting there the factual allegations against the adjuster and carrier defendants were grouped together, whereas Plaintiff's petition contained separate allegations against Duree apart from Allstate. The Magistrate Judge relied on the *Holmes* case as support for her examining Plaintiff's allegations under the Texas pleading standard (as opposed to the more stringent federal pleading standard) to determine whether the allegations support a reasonable basis for predicting recovery against Duree.

The Magistrate Judge specifically noted that not all of Plaintiff's factual allegations regarding Duree are lumped together with Allstate. As outlined by the Magistrate Judge, Plaintiff's petition alleges the following:

> On or about April 2014, Plaintiff experienced a wind and hail storm that damaged the Property. . . .
>
> The Plaintiff immediately submitted a claim to Allstate. Allstate assigned an adjuster, Lee Duree. . . to adjust the claim. . . .
>
> Duree, on behalf of Allstate, inspected Plaintiff's property after the wind and hail storm. During the inspection, Duree, on behalf of Allstate, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's business property.
>
> Duree, on behalf of Allstate, prepared a repair estimate, which vastly under-scoped the actual covered damages to the business property. Based upon . . . Duree's estimate, Allstate determined that only $117,246.07 was due on Plaintiff's claim. Thus, Defendants demonstrated they did not conduct a thorough investigation of the claim.
>
> Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

* * *

> Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. TEX. INS. CODE § 541.060(a)(1).

(Pet. at 3-4). While the Magistrate Judge noted this distinction from *Holmes*, she still concluded Plaintiff's above factual allegations against Duree were too generic to state a claim even under Texas' fair notice pleading standard.

In making this determination, the Magistrate Judge relied on *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014), wherein the court concluded the following allegations (which the Magistrate Judge noted are arguably more factual in substance than the allegations against Duree in this suit) were insufficient:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

(Report and Recommendation at 8).

According to Plaintiff, the *Plascencia* decision was decided under the federal pleading standard rather than the Texas pleading standard. The Magistrate Judge did not focus on the *Plascencia* court's use of the federal pleading standard or rely on it for that proposition. Rather,

5

the Magistrate Judge referred to the *Plascencia* court's conclusion that "[n]o facts [were] alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of Gallegos's conduct, bearing in mind that ultimately State Farm, not Gallegos, would have made the decision as to whether to pay, and what to pay, plaintiff." *Id*. The Magistrate Judge correctly noted Plaintiff's allegations in this case are less factual than those in *Plascencia,* and they are still insufficient even under Texas' more liberal pleading standard. Here, it is undisputed that Duree inspected the property and provided Allstate with an estimation of damages. There are no allegations that Duree misrepresented the coverage in any way or that Plaintiff relied on any misrepresentations to her detriment.

Next, Plaintiff attempts to distinguish the Magistrate Judge's reliance on *Centro Cristiano Cosecho Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335 (S.D. Tex. 2011) and *Broadway v. Brewer*, 2009 WL 1445449 (E.D. Tex. 2009),[1] asserting the courts in those cases considered evidence outside the pleadings when finding improper joinder of the non-diverse defendant. The Magistrate Judge noted the improper joinder analysis is generally limited to the pleadings at the time of removal except in a few cases, such as when a plaintiff has stated a claim but has misstated or omitted discrete facts. In that instance, the court may, in its discretion, "pierce the pleadings" and consider summary judgment-type evidence to determine improper joinder. (Report and Recommendation at 4). According to Allstate, Plaintiff has given no reason for the Court to "pierce the pleadings" to determine whether Plaintiff may have omitted or misstated discrete facts. Nor has Plaintiff provided any summary-judgment type evidence for the

---

[1] In *Broadway*, Magistrate Judge Bush denied the plaintiff's motion to remand, concluding the plaintiff's petition "[n]ever identifies a single statement or specific misrepresentation made by [the adjuster defendant]," and that the plaintiff's allegations were "[e]ssentially a verbatim recital of the statutory provisions of the Texas Deceptive Trade Practices Act or Insurance Code." 2009 WL 1445449, at *3.

6

Court's consideration. The Court agrees with Allstate that it can discern improper joinder on the basis of the pleadings alone. The Court further notes the courts in *Centro* and *Broadway* focus their analysis on the deficiencies in the plaintiff's pleadings and lack of plausible claims against the non-diverse adjuster defendant.

In her second objection, Plaintiff cites numerous federal district court cases from outside this district, asserting they have concluded that "similar allegations" to those included in Plaintiff's petition are sufficient to state a claim against an adjuster defendant. Plaintiff's second objection does not identify any reason to reject the Magistrate Judge's recommendation.

In her third and fourth objections, Plaintiff argues that even if she cannot prove Duree made any misrepresentations to her, Duree could still be liable under Texas Insurance Code §§ 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7), which are not predicated on misrepresentations about coverage under her policy. Plaintiff further argues there is nothing in *One Way Investments, Inc. v. Century Surety Company, et al.*, 2014 WL 6991277 (N.D. Tex.2014) and *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp.3d 721, 724(N.D.Tex.2014), relied upon by the Magistrate Judge, to indicate as a matter of law an adjuster could never violate §§ 541.060(a)(2)(A), 541.060(a)(4), and 541.060(a)(7) and neither case addresses an adjuster's possible liability under §§ 541.060(a)(3) and 541.060(a)(3).

As noted by the Magistrate Judge, *One Way* involved a dispute over wind and hail damage to One Way's property. 2014 WL 6991277, at *1. In that case, the insurer assigned an independent adjusting company to inspect the property, and the plaintiff alleged the field adjuster "failed to conduct a reasonable investigation and concluded that there was no wind or hail damage to the building caused by the storm; although he observed damage to the roof and interior units, he attributed the damage to other factors, including water intrusion through every

7

other opening besides the roof; and he substantially underestimated the damages to the building." *Id.* The *One Way* court held the plaintiff's allegation that the adjuster had misrepresented the damage to the property did not trigger coverage under the policy and was not within the scope of the Texas Insurance Code because such allegedly improper representations did not relate to the details of the insurance policy coverage at issue. *Id*. at *4 (citing *Messersmith,* 10 F. Supp.3d at 724 (holding adjuster was improperly joined because alleged misrepresentation that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to coverage at issue as required for liability under § 541.060(a)(1)).

Both *One Way* and *Messersmith* noted an adjuster cannot be held liable under § 541.060(a)(2) because an adjuster has no payment or settlement authority. *Id*. "[His] sole role is to assess the damage." *Id*. For the same reasons, claims under § 541.060(a)(7), which pertains to an insurer's refusal to pay under certain circumstances, are also not applicable to individual adjusters. *Id*. Despite the holdings in these recent cases, Plaintiff cites no authority for her assertion that Duree may be liable to Plaintiff under any of these sections of the Texas Insurance Code when there are no allegations of material misrepresentations or representations of policy coverage made by Duree to Plaintiff.

In her objections, Plaintiff asserts for the first time her DTPA claims do not arise out of the "sale and provision of insurance" but revolve around "the investigation and adjustment of her insurance claim." (Plaintiff's Objections at 7). Plaintiff fails to provide any authority that would make an adjuster liable under the DTPA for such conduct. The Court agrees with the Magistrate Judge's reliance on *Messersmith* which found that, for the same reasons the plaintiff's claims failed against the adjuster under the Insurance Code, the plaintiff's DTPA similarly failed

because "the [DTPA] allegations revolve around the sale and provision of insurance for hail damage that [the independent adjuster] was entirely unrelated to." *Messersmith,* 10 F.Supp.3d at 724.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the Court concludes Plaintiff's objections are without merit and are, therefore, overruled. It is therefore

**ORDERED** the Report and Recommendation of United States Magistrate Judge [Doc. #16] is adopted.

Accordingly, Plaintiff's claims against Lee Duree are **DISMISSED,** and Plaintiff's Motion to Remand [Doc. #8] is **DENIED.**

**So ordered and signed on**
**Jun 30, 2015**

_____
Ron Clark, United States District Judge